UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| William H. Ball, | Case No. 2:24-cv-01456-CDS-NJK |
| Plaintiff | **Order Granting Defendant's Motions to Dismiss** |
| v. | |
| NP Santa Fe LLC d/b/a Santa Fe Station, | [ECF No. 10] |
| Defendant | |

Plaintiff William Ball brings this employment dispute against NP Santa Fe LLC d/b/a Santa Fe Station ("Santa Fe") alleging age discrimination. Am. compl., ECF No. 8. Defendant moves to dismiss the amended complaint. Mot., ECF No. 10. Santa Fe argues that the only facts Ball alleges are that he did not receive a job from them and fails to plead essential elements of a prima facie discrimination claim. *Id.* at 3. Ball's opposition to the motion to dismiss was due on or before October 16, 2024.[1] As of the date of this order, no oppositions—or requests for additional time—have been filed, so I grant Santa Fe's motion to dismiss.

I. **Legal Standard**

Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the

---

[1] *See* ECF No. 11; *see also* Local Rule 7-2(b) (stating that the deadline to file and serve any points and authorities in response to the motion—other than summary judgment—is fourteen days after service of the motion). That fourteen-day period is extended to the next business day if the filing deadline falls on a legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## II. Discussion

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Ball's claim against Santa Fe. Ball has failed to respond to the motion to dismiss, even though several days have now passed since the October 16, 2024, deadline. Ball's non-compliance slows the expeditious resolution of this litigation by delaying the set briefing schedule and interferes with the court's ability to manage its docket. *T.G. v. Bd. of Trustees*, 2022 U.S. Dist. LEXIS 133058, *5 (D. Mont. July 6, 2022) ("The Court cannot manage its docket if Plaintiffs do not respond to motions. . . [t]his case [] cannot proceed if Plaintiffs fail to participate."); *see also Yourish*, 191 F.3d 983, 990 (9th Cir. 1999) ("[D]ismissal . . . serves the public interest in expeditious resolution of litigation as well as the court's need to manage its docket because Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing Plaintiffs to control the pace of the docket rather than the court.") (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

The third factor also weighs in favor of dismissing Ball's claim. There is no apparent risk of prejudice to defendant by dismissing the action at this time; indeed, defendant filed the instant motion to dismiss.

  The fourth factor weighs against dismissing Ball's claim against Santa Fe. That is because public policy favors disposing of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, this factor is not weighty here; the Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Here, Ball did not file a response opposing the motions, making resolution on the merits difficult, if not impossible. *Cf. Johnson v. Top Inv. Prop. LLC*, 2018 U.S. Dist. LEXIS 140051, at *17–18 (E.D. Cal. Aug. 17, 2018) ("Although public policy generally favors the resolution of a case on its merits, as here, a defendant's failure to appear and defend against a plaintiff's claims makes a decision on the merits impossible.") (citation omitted). And "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228.

  Last, with respect to whether less drastic measures have been considered, the court has determined that dismissal without prejudice is proper here. *See Ash*, 739 F.2d at 496 (dismissal without prejudice is considered a lesser sanction and therefore is a "more easily justified sanction for failure to prosecute"); *see also Childers v. Arpaio*, 2009 WL 3756487 at *2 (D. Ariz., Nov. 5, 2009) (dismissal without prejudice imposed as a "less drastic sanction" compared to dismissal with prejudice). By dismissing the claim without prejudice, Ball remains free to continue to pursue his claims, if necessary and appropriate, in a subsequent proceeding. Accordingly, because the fifth factor also weighs in favor of dismissal, and because dismissal is permitted under the local rules, I grant Santa Fe's unopposed motion to dismiss.

III. Conclusion

It is therefore ordered that defendant's motion to dismiss **[ECF No. 10] is GRANTED**. The Clerk of Court is instructed to enter judgment accordingly and to close this case.

Dated: October 22, 2024

_____
Cristina D. Silva
United States District Judge